[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Phillip N. Armentano, Public Defender, for Petitioner
Patricia A. Swords, State's Attorney, for the State
BY THE DIVISION
The petitioner received a total effective sentence of thirty (30) years after having entered nolo contendere pleas to assault in the first degree in violation of Connecticut General Statutes Section 53a-59 and risk of injury to a child, Connecticut General Statutes Section 53-21. He received the maximum sentence on each count, twenty (20) and ten (10) years respectively, to run consecutively.
The record discloses the following facts. The Vernon police were summoned to Rockville General Hospital on February 7, 1989 relative to an injured three year old female. She was suffering from a severe head injury and had numerous bruises and abrasions covering her entire body. She was airlifted to Hartford Hospital in critical condition. The petitioner resided with the child's mother and it was he who CT Page 720 sought out medical attention for the victim. In the beginning he claimed the injuries were the result of an accident, but he later admitted to throwing the child on the mattress causing her to hit her head on the wall when she failed to follow his instructions to bounce on the bed to tire herself so she could sleep. He administered CPR when she became unresponsive and he brought her to the hospital. The petitioner later admitted to ongoing physical and sexual abuse of the victim, including digital penetration of her vagina and anus as well as biting her on the thigh, chest and back leaving marks on her body. He also admitted to holding the victim's head under water to frighten her.
At sentencing it was revealed to the court that the initial prognosis for her recovery was poor. She reportedly suffered from traumatic brain injury, nerve system damage, partial paralysis and blindness. In addition, the victim had sustained multiple rib fractures, a mandible fracture and at least one prior pelvic fracture. The injuries, and reports by neighbors that they had heard the child screaming and saw bruises on her on many occasions, some of which were covered with make up, paint a clear picture of ongoing physical abuse which nearly resulted in her death. Photographic evidence produced at sentencing supports the assertion that the degree of violence and the resultant injuries were becoming more and more severe and that the child was permanently maimed.
The petitioner, who has two prior convictions for public indecency and was on probation at the time of these offenses, stated at sentencing that he had been undergoing counseling since his arrest and that he was remorseful.
The petitioner's attorney pointed out to the panel that his client had foreclosed the necessity of a trial by entering his nolo contendere pleas and that the victim was not subjected to the trial process. By virtue of his co-operation and remorse, the petitioner urges the panel to consider something less than the maximum sentence, noting that he was charged with the reckless section of the first degree assault statute, subdivision (a)(3), rather than the intentional section, subdivision (a)(1), which calls for a minimum mandatory sentence of five (5) years.
The state's attorney stressed the severity of the physical and emotional injuries inflicted on the child and the fact that the abuse was continuous and sexual as well as physical. The victim's condition at the time of her hospitalization and the scope of permanent injuries were detailed in photographs and medical records. CT Page 721
We note that the petitioner was apprised by the state's attorney that the maximum sentence would be sought but that the defendant's attorney would have the right to argue for something less.
The sentencing judge considered the petitioner's remorse and went on to say, "This was a continuing story here, a history of almost sadistic and sordid physical abuse, sexual abuse as well as, of course, the terror, the mental abuse that was inflicted on this child."
Taking into account the relevant factors a judge must consider in imposing a sentence, including the petitioner's prior criminal history, the severity of the injuries sustained by a three year old innocent child whose physical future is irrevocably and senselessly destroyed by the petitioner's brutal and relentless infliction of physical, emotional and sexual assaults, the sentence imposed was not disproportionate nor unreasonably harsh. His confinement for a period of thirty (30) years is necessary to meet the demands for deterrence and punishment as well as for the protection of society.
The sentence is affirmed.
STANLEY, J., PURTILL, J., AND MIANO, J. PARTICIPATED IN THIS DECISION.